UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK MYERS,

       Plaintiff,                        Case No.
                                          Honorable

v.

AMERICAN TIRE DISTRIBUTORS, INC.,

       Defendant.

---

Stephen M. Lovell (P80921)
Ernst Charara & Lovell, PLC
Counsel for Plaintiff
645 Griswold Street, Suite 4100
Detroit, Michigan 48226
(313) 965-5555
(313) 965-5556 – Fax
Stephen@ecllawfirm.com

---

## COMPLAINT AND JURY REQUEST

Plaintiff Patrick Myers, by and through counsel Ernst Charara & Lovell, PLC, states as follows for his complaint against the above-named Defendant:

## JURISDICTION AND VENUE

1.    Plaintiff Patrick Myers resides in Southfield, Michigan, within the Eastern District of Michigan. At all relevant times, Plaintiff was an employee of Defendant American Tire Distributors, Inc.

2. Defendant American Tire Distributors, Inc. is a company incorporated under the laws of Delaware with its headquarters in Huntersville, North Carolina.

3. The transactions and occurrences giving rise to this action took place in the Eastern District of Michigan.

4. The amount in controversy greatly exceeds this Court's jurisdictional requirement.

5. This Court has jurisdiction pursuant to 28 U.S. Code § 1332 because there is complete diversity between the parties.

## FACTUAL ALLEGATIONS

6. Plaintiff, by reference, incorporates the preceding paragraphs as though fully set forth herein.

7. Plaintiff worked as a warehouse associate for Defendant at its Novi, Michigan location.

8. Plaintiff was an exceptional employee.

9. On April 26, 2021, Plaintiff discovered that three of his co-workers were diagnosed with COVID-19 and that Plaintiff had worked with one of the co-workers on the same day he tested positive.

10. On April 27, 2021, Plaintiff informed his supervisor, Michael Scott, that he would be quarantining in accordance with CDC Guidelines for the safety of himself and his family, which includes Plaintiff's young son.

11. In a phone call on April 28, 2021, Plaintiff was informed by Michael Scott that he needed to return to work.

12. During the April 28, 2021 phone call, Plaintiff informed Michael Scott that he needed to continue to quarantine pursuant to CDC Guidelines as well as Defendant's own policies, which stated that an employee exposed to COVID-19 should quarantine for two weeks.

13. On April 30, 2021, Plaintiff received a mass text from Michael Scott informing him and his coworkers that work the following day was mandatory.

14. Plaintiff again let Michael Scott know that he was quarantining.

15. Michael Scott then texted Plaintiff and told him that he needed to reach out to Human Resources before returning to work.

16. Plaintiff immediately reached out to Nicole Washington in Human Resources to get clarification regarding Defendant's COVID protocols.

17. Plaintiff then called the Michigan Occupational and Safety Health Administration ("MIOSHA") and explained that he was being forced to work outside of CDC guidelines and in unsafe conditions.

18. A MIOSHA representative informed Plaintiff that he should continue to quarantine and told him to file a formal complaint, which he did.

19. Plaintiff then informed Defendant that he had complained to MIOSHA regarding Defendant's unsafe business practices, unsafe conditions, and not following COVID protocol.

20. On May 3, 2021, Plaintiff was informed by Michael Scott that he was terminated.

21. As a result of Defendant's actions Plaintiff has suffered, and will continue to suffer, including but not limited to the following:

   a. Stress;
   b. Humiliation;
   c. Non-economic damages;
   d. Economic damages;
   e. Wage loss;
   f. Attorney fees and costs;
   g. All other injuries to be discovered throughout discovery.

## COUNT I
## Violation of Michigan Whistleblowers' Protection Act MCL 15.361 et seq.,

22. Plaintiff, by reference, incorporates the preceding paragraphs of his Complaint as though fully set forth herein.

23. Plaintiff is an employee and Defendant is an employer within the meaning of the Act.

24. An employer shall not discharge, threaten, or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because the employee, or a person acting on

behalf of the employee, reports or is about to report, verbally or in writing, a violation or a suspected violation of a law or regulation or rule promulgated pursuant to law of this state, a political subdivision of this state, or the United States to a public body, unless the employee knows that the report is false, or because an employee is requested by a public body to participate in an investigation, hearing, or inquiry held by that public body, or a court action.

25. Plaintiff reported unsafe work conditions to MIOSHA after being advised that he would need to violate CDC Guidelines regarding COVID procedures at work.

26. Plaintiff was terminated because of his complaint of unsafe work conditions to Defendant.

27. As a direct and proximate result of Defendant's termination of Plaintiff in violation of the WPA, Plaintiff was injured and suffered damages.

28. As a direct and proximate cause of Defendant's unlawful actions, Plaintiff has sustained and continues to sustain injuries and damages.

## COUNT II
## TERMINATION IN VIOLATION OF PUBLIC POLICY

29. Plaintiff, by reference, incorporates the preceding paragraphs of his Complaint as though fully set forth herein.

30. It is against public policy in Michigan for an employee to be terminated for failing or refusing to violate the law in the course of employment or for the exercise of a right conferred by a well-established legislative act.

31. MIOSHA allow an employee to refuse to work in conditions that clearly present a risk of death or serious physical harm.

32. A reasonable person would agree that Plaintiff was at a risk of death or serious physical harm from COVID exposure and Defendant's failure to follow CDC Guidelines.

33. As a result of Plaintiff's refusal to violate the law in the course of employment and for the exercise of a right conferred by a well-established legislative act to not work in conditions that clearly present a risk or death or physical harm, Plaintiff was terminated.

34. As a direct and proximate result of Defendant's termination of Plaintiff in violation of the public policy, Plaintiff has sustained and continues to sustain injuries and damages.

## COUNT III
## VIOLATION OF COVID-19 EMPLOYMENT RIGHTS ACT – MCL § 419.403

35. Plaintiff, by reference, incorporates the preceding paragraphs of his Complaint as though fully set forth herein.

36. Plaintiff had close contact with an individual who tested positive for COVID-19.

37. Plaintiff did not return to work for Defendant because the quarantine period had not passed since he last had close contact with the individual who tested positive for COVID-19 and he was not advised by a health care provider or public health professional that he had completed his period of quarantine.

38. Plaintiff complied with section 5 of the COVID-19 Employment Rights Act and also reported health violations related to COVID-19.

39. Defendant never requested that Plaintiff get tested for COVID-19.

40. Plaintiff was terminated by Defendant for complying with the COVID-19 Employment Rights Act and/or reporting health violations related to COVID-19.

41. As a direct and proximate result of Defendant's termination of Plaintiff in violation of the COVID-19 Employment Rights Act, Plaintiff has sustained and continues to sustain injuries and damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant in an amount that is fair and reasonable and compensates Plaintiff for his injuries, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred.

                                        Respectfully submitted,

                                        */s/ Stephen M. Lovell*
                                        Stephen M. Lovell (P80921)
                                        Ernst Charara & Lovell, PLC
                                        Counsel for Plaintiff
                                        645 Griswold Street, Suite 4100
                                        Detroit, Michigan 48226
                                        (313) 965-5555
                                        (313) 965-5556 – Fax
Dated: July 21, 2021                  Stephen@ecllawfirm.com

## JURY REQUEST

Plaintiff, by and through counsel, hereby request a trial by jury in the above-captioned matter.

Respectfully submitted,

*/s/ Stephen M. Lovell*
Stephen M. Lovell (P80921)
Ernst Charara & Lovell, PLC
Counsel for Plaintiff
645 Griswold Street, Suite 4100
Detroit, Michigan 48226
(313) 965-5555
(313) 965-5556 – Fax
Stephen@ecllawfirm.com

Dated: July 21, 2021

## PROOF OF SERVICE

THE UNDERSIGNED CERTIFIES THAT THE FOREGOING INSTRUMENT WAS SERVED UPON ALL PARTIES TO THE ABOVE CAUSE TO EACH OF THE ATTORNEYS OF RECORD HEREIN AT THEIR RESPECTIVE ADDRESSES DISCLOSED IN THE PLEADINGS ON 7/21/2021 BY:

```
__U.S. MAIL              __ EMAIL
___FAX                   __ FEDERAL EXPRESS
___HAND DELIVERY         X MI FILE & SERVE SIGNATURE
```

*/s/ Deanna Denby*
Deanna Denby